UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Felicia Marie Wilson,                             Civil File No._____

      Plaintiff,

v.                                                **COMPLAINT AND JURY DEMAND**

County of Ramsey,

      Defendant.

---

## Statement Of The Parties

1. Plaintiff is an individual residing in Minnesota.

2. Defendant is a political subdivision of the State of Minnesota.

3. Defendant is an employer within the meaning of the state and federal statutes identified in the Counts enumerated below.

## Jurisdictional Statement

4. Plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000-e *et seq*. arise under the laws of the United States and the Court therefore has original jurisdiction pursuant to 28 U.S.C. §1331.

5. The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the District of Minnesota.

6. Supplemental jurisdiction over claims brought pursuant to Minnesota law is appropriate under 28 U.C. §1367 because the state law claims are so related to claims in the action that are within the Court's original jurisdiction that they form part of the same case or controversy.

7. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on May 19, 2022. The EEOC issued a Right to Sue letter on April 25, 2023.

**Factual Allegations**

8. Plaintiff is an African American female.

9. Plaintiff was employed by Defendant County of Ramsey beginning in 2014. She worked in the Financial Assistant Services Department as a Financial Worker. She began as a Financial Worker I and was promoted in 2016 to a Financial Worker II position.

10. Plaintiff constructively discharged her employment in January of 2023.

11. During her employment, Plaintiff requested, and ultimately received, accommodation of disabilities. However, Defendant frequently unnecessarily delayed accommodations and accommodated other employees while refusing to accommodate her. As a result, Plaintiff made past claims of discrimination with the EEOC and the Minnesota Department of Human Rights.

12. Throughout her employment with Defendant, Defendant's managers falsely accused Plaintiff of wrongdoing and disciplined her in an unfair and discriminatory manner.

13. Under the terms of the union's Collective Bargaining Agreement, disciplinary actions should have aged off of Plaintiff's personnel record after a year. Defendant, however, would ensure that Plaintiff was disciplined anew each year, so that her previous disciplinary actions would remain in her file.

14. Plaintiff's union documented Defendant's retaliatory discipline of Plaintiff, including noting Defendant's pattern of false allegations made yearly in order to keep old disciplinary actions active in Plaintiff's file.

15. Defendant repeatedly denied Plaintiff promotional opportunities and hired objectively less qualified white individuals for jobs, passing over Plaintiff even when she was internally ranked as the top candidate.

16. Plaintiff was passed over for positions in 2020, 2021 and 2022, even though she was ranked first out of dozens of applicants each time.

17. Defendant used its discriminatory and retaliatory disciplinary history of Plaintiff to justify refusing her promotion, despite her objective first ranking.

18. In 2021, Plaintiff reported to Defendant that it had repeatedly failed to process her request for leave under the federal Family and Medical Leave Act. Defendant included this report in a subsequent disciplinary action as a basis for the discipline.

19. In September 2021, Defendant suspended Plaintiff for three days after Plaintiff refused to release information to a client in a manner that she in good faith believed violated the law. The person who trained Plaintiff on the conduct at issue informed Plaintiff and Defendant that Plaintiff had acted prudently in compliance with the

policy and had avoided potential liability for improper disclosure of information. Defendant nevertheless disciplined Plaintiff.

20. In 2022, Plaintiff reported conduct to Defendant that she in good faith believed violated Defendant's workplace policies and the law, including allegations of physical assault in the workplace, allegations of sexual harassment and allegations of drug and alcohol use in the workplace.

21. Plaintiff filed a Charge of Discrimination with the EEOC on May 19, 2022, which was cross-filed with the Minnesota Department of Human Rights. Her Charge alleged discrimination based upon race and color, as well as retaliation.

22. In August 2022, Plaintiff reported to Defendant that she believed she was being subjected to bias, racial discrimination and racial harassment.

23. In October 2022, Defendant disciplined Plaintiff by suspending her for ten days because she engaged in protected conduct by reporting a suspected violation of law.

24. Plaintiff constructively discharged her employment effective January 19, 2023, because it was clear that Defendant intended to force her to quit or to fire her based on its escalating discipline for false allegations.

25. Defendant's discriminatory and retaliatory conduct caused Plaintiff loss of pay;

26. Defendant's discriminatory and retaliatory conduct caused Plaintiff emotional anguish, eventually causing her to constructively discharge her employment.

### Count I - Minnesota Whistleblower Act

27. Plaintiff realleges the assertions made in each of the preceding paragraphs and incorporates them in this count as though fully restated herein.

28. Defendant violated the Minnesota Whistleblower Act, Minn. Stat. §181.931, *et seq.* by making false allegations of misconduct and suspending Plaintiff without pay in retaliation for her reporting suspected violations of law and refusal to violate the law.

29. As a result of this violation, Plaintiff suffered loss of pay, loss of reputation and emotional anguish.

### Count II - Discrimination – Title VII

30. Plaintiff realleges the assertions made in each of the preceding paragraphs and incorporates them in this count as though fully restated herein.

31. Defendant discriminated against Plaintiff based on her race and/or color in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000-e by promoting less qualified individuals for positions for which Plaintiff applied and was ranked above the hired individuals.

32. As a result of this violation, Plaintiff suffered economic loss and emotional anguish.

### Count III - Discrimination – Minnesota Human Rights Act

33. Plaintiff realleges the assertions made in each of the preceding paragraphs and incorporates them in this count as though fully restated herein.

34. Defendant discriminated against Plaintiff based on her race and/or color in violation of the Minnesota Human Rights Act, Minn. Stat. §363A.08 by promoting less qualified individuals for positions for which Plaintiff applied and was ranked above the hired individuals.

35. As a result of this violation, Plaintiff suffered economic loss and emotional anguish.

## Count – IV -MHRA Reprisal

36. Plaintiff realleges the assertions made in each of the preceding paragraphs and incorporates them in this count as though fully restated herein.

37. Defendant violated the Minnesota Human Rights Act, Minn. Stat. §363A.15 by retaliating against Plaintiff for opposing and reporting discrimination.

38. As a result of this violation, Plaintiff suffered economic loss and emotional anguish

## Count - V -Title VII Retaliation

39. Plaintiff realleges the assertions made in each of the preceding paragraphs and incorporates them in this count as though fully restated herein.

40. Defendant violated the Civil Rights Act of 1964 by retaliating against Plaintiff for opposing and reporting discrimination.

41. As a result of this violation, Plaintiff suffered economic loss and emotional anguish.

## JURY DEMAND

Plaintiff demands a jury on all claims.

## PRAYER FOR RELIEF

Plaintiff demands that judgment be entered in her favor and the Court award the following relief:

1. Damages for loss of wages and benefits caused by Defendant's multiple suspensions and by Plaintiff's constructive discharge in an amount to be proved at trial;

2. Treble damages under the Minnesota Human Rights Act, Minn. Stat. §363A.29 in an amount to be proved at trial;

3. Damages for emotional anguish in an amount to be proved at trial;

4. An award of attorney fees and costs; and

5. Such other relief as the court deems just.

Dated: May 11, 2023     *s/Leslie L. Lienemann*_____
Leslie L. Lienemann (MN No. 0230194)
Celeste E. Culberth (MN No. 0228187)
CULBERTH & LIENEMANN, LLP
1050 UBS Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 290-9300 (Telephone)
(651) 290-9305 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**